NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEGAPARTS, <br><br> Plaintiff, <br><br> v. <br><br> HIGHCOM SECURITY, INC., <br><br> Defendant. | Civ. Action No. 09-4052 <br><br> **OPINION & ORDER** |

**Katharine S. Hayden, U.S.D.J.**

### I.   INTRODUCTION

This matter comes before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Michael A. Shipp filed on May 28, 2010 [D.E. 23], recommending: (1) that the motion to dismiss [D.E. 8] filed by defendant Highcom Security, Inc. ("Highcom") be granted, based on lack of subject matter jurisdiction and/or lack of personal jurisdiction; and (2) that the cross-motion [D.E. 20] to amend the complaint filed by plaintiff Megaparts be denied. In the alternative, Magistrate Judge Shipp recommended that the Court grant Highcom's alternative motion to transfer this matter to the Northern District of California pursuant to 28 U.S.C. § 1404.

Megaparts objected by letter brief on June 11, 2010 [D.E. 24], arguing that Magistrate Judge Shipp incorrectly concluded that personal jurisdiction does not exist. According to Megaparts, it established a prima facie case of general jurisdiction because Highcom has

sufficient contacts with New Jersey. (Obj. Letter 2.) The brief also argues that had Magistrate Judge Shipp permitted Megaparts, which is a foreign corporation not registered to do business in New Jersey, for its newly created entity, Megaparts LLC, a New Jersey corporation, then standing would exist and the case could proceed. (*Id.* 1-2.) Highcom's written response [D.E. 25] argues that Magistrate Judge Shipp properly decided that Megaparts had no standing and that general jurisdiction does not exist. (Reply to Obj. Letter 2-3.) The Court assumes familiarity with the underlying facts and incorporates only those facts relevant to Megapart's objections.

## II.   RELEVANT FACTS

Highcom is a California corporation with its principal place of business in San Francisco. (Moving Br. 2.) Megaparts is a commercial importer with its principal place of business in Ecuador. (Compl. ¶ 1.) Neither corporation is registered to do business in New Jersey. This litigation relates to Highcom's 2008 contract for sale of bullet-proof vests to Megaparts. (Compl. ¶ 4.) According to the complaint, which Highcom removed from state court, Highcom "failed to timely deliver the vests, as per the Agreement, and as a result, Megaparts has been damaged." (*Id.* ¶ 6.) The meetings leading up to the sale were conducted by phone or e-mail messages between Megaparts and HighCom's San Francisco office, or by in-person meetings at HighCom's production facility in Hillard, Ohio. (Moving Br. 3.) Megaparts did not provide any evidence that activities related to this litigation took place in New Jersey.

The parties do not dispute that after this case was removed to federal court, Megaparts formed Megaparts, LLC in New Jersey. Shortly thereafter, Megaparts assigned its legal claim against Highcom to Megaparts, LLC. Magistrate Judge Shipp notes in the R&R that during a

telephone conference occurring a week after the assignment, Megaparts failed to disclose that it no longer owned the claims. (R&R 3.) In the motion practice that followed, Highcom moved to dismiss the complaint and Megaparts cross-moved to amend to add Megaparts, LLC as a party, "with the purpose of taking the place of Megaparts." (Obj. Letter 2.)

### III. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R on a dispositive matter, the district court conducts a *de novo* review. 28 U.S.C. § 636(b)(1)(B); Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b)(3); New Jersey Local Rule of Civil Procedure ("L. Civ. R.") 72.1(a)(2). The reviewing district court judge may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2).

In resolving a party's properly raised objections to a magistrate judge's R&R, the district court must examine *de novo* those portions of the opinion to which the party has objected. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). What is not objected to, the district court reviews under the plain error or manifest injustice standard. *See e.g.*, *Sullivan v. Cuyler*, 723 F.2d 1077, 1085 (3d Cir. 1983).

### IV. DISCUSSION

#### A. Personal Jurisdiction

Personal jurisdiction exists when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). A federal court may assert

jurisdiction under one of two theories: specific jurisdiction and general jurisdiction. *Watiti v. Walden Univ.*, 2008 U.S. Dist. LEXIS 43217, at *5-6 (D.N.J. 2007) (Pisano, J.) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 & n. 8, 9 (1984)). A motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) shifts the burden to the plaintiff to establish sufficient facts to show that jurisdiction exists. *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). The plaintiff "need only establish a prima facie case of personal jurisdiction," and the court must accept the allegations as true. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

Because Megaparts argues that the facts are "surely enough to establish that the defendant's contacts with New Jersey are continuous and systematic, thereby establishing that general jurisdiction exists," the Court will focus only on that jurisdictional theory. A plaintiff may prove general jurisdiction by establishing that there are sufficient contacts for a court to assert "personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414 n.9. While general jurisdiction over a non-forum resident may exist even though the cause of action arises from the defendant's non-forum related activities, the defendant's contacts with the forum state must be "continuous and systematic." *Id.* at 416. The facts required to establish general jurisdiction must be "extensive and persuasive." *Reliance Steel Prod. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (citation omitted). "[I]solated, random, and attenuated" contacts are insufficient to establish general jurisdiction. *Ibelli v. Maloof*, 257 N.J. Super 324, 328 (Ch. Div. 1992).

According to the complaint, "Highcom conducts business in the State of New Jersey." (Compl. ¶ 3.) In its objection letter brief, Megaparts argues that Highcom had been conducting

business in New Jersey "from at least January 1, 2006 through July 31, 2009, a period of just over 3.5 years[,]" and therefore Magistrate Judge Shipp erred in finding that general jurisdiction did not exist. (Obj. Letter 3.) Megaparts further alleges that "Highcom's internet web-site establishes its business ties to the State of New Jersey. The web-site reveals that among Highcom's customers are the New Jersey State Police, as well as Walgreens Co., Hilton Hotels, and the United States Office of Homeland Security, all of which have operations in the State of New Jersey." (*Id.* 4.)

Megaparts argues that Magistrate Judge Shipp "mistakenly [took] into account Highcom's arguments regarding the defendant's contacts with New Jersey." (Obj. Letter 3.) The Court agrees with Megaparts's argument that at the motion to dismiss stage, a district court must accept a plaintiff's allegations as true and resolve all disputed facts in plaintiff's favor. However, Megaparts does not acknowledge the case law relevant to deciding whether general jurisdiction exists, particularly in the context as alleged by Megaparts—i.e., Highcom conducted business in New Jersey for at least three and a half years, Highcom's website shows that it solicited business in New Jersey and had New Jersey customers.

But Megaparts has not alleged specific facts to support its contentions that Highcom maintained continuous and systematic contacts with New Jersey or regularly transacts business in the State. Magistrate Judge Shipp correctly considered Highcom's assertions that its business sales in New Jersey during the alleged three and a half year period Highcom was doing business in the state represented one-tenth of one percent of Highcom's total sales during that period. (R&R 6.) Furthermore, "Highcom's sales were made Freight On Board ("FOB") San Francisco, which means that customers took the delivery of goods in California and made their own shipping arrangements." (*Id.*)

5

Turning to the relevant case law, the Third Circuit has held that general jurisdiction is lacking if a defendant conducts only minimal business activity in the relevant forum and where such activity does not qualify as the defendant's "bread and butter." *Phila. Macaroni Co. v. Italpasta Ltd.*, 2010 U.S. Dist. LEXIS 39030, at *14-15 (E.D. Pa. 2010) (citing *Gehling v. St. George's Sch. Of Med., Ltd.*, 773 F.2d 539, 542-43 (3d Cir. 1985) (concluding that a medical school lacks continuous and substantial business relationship with Pennsylvania despite directing advertisements toward Pennsylvania, having 6% of its students from Pennsylvania, and conducting a joint international program with a Pennsylvania college)).

*Zippo Mfg. Co. v. Zippo Dot Com, Inc*, 952 F. Supp. 1119 (W.D. Pa. 1997) has become the seminal authority in this Circuit on general jurisdiction based upon a website. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003). The *Zippo* case instructs that general jurisdiction does not exist where "a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions . . . ." *Id.* at 1124. "A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction." *Id.* *See Gourmet Video, Inc. v. Alpha Blue Archives, Inc.*, 2008 U.S. Dist. LEXIS 87645, at *10 (D.N.J. 2008) (Cooper, J.) (holding that a defendant "is not subject to personal jurisdiction in any jurisdiction merely because the defendant's website is commercially interactive"); *Imundo v. Pocono Palace, Inc.*, 2002 U.S. Dist. LEXIS 16717 (D.N.J. 2002) (company's website that advertises the company, as well as allows users to contact the company and register for hotel rooms does not confer jurisdiction); *Green v. William Mason & Co.*, 996 F. Supp. 394, 399 (D.N.J. 1998) (advertising by using a website is insufficient to exercise jurisdiction over an out-of-state defendant).

This Court recognizes that a district court judge may include internet activities in making its "purposeful availment" determination; but in this case, Megaparts's allegation that Highcom services New Jersey customers is not sufficient to stand on its own. Megaparts asks this Court to infer continuous and systematic contacts with New Jersey based solely on Highcom's website and the bold, unsupported assertion that Highcom has done business in New Jersey for over three years. Megaparts offers no further, more specific argument for "purposeful availment." These bare conclusions, supported only by tenuous factual allegations, do not establish either the continuous and systematic contacts or the purposeful availment necessary for general jurisdiction.

The Court finds that Megaparts's allegations, accepted as true for the purposes of this motion, fail to establish that Highcom had "continuous and systematic" contacts in New Jersey. The Court need not entertain a *de novo* review of whether specific jurisdiction exists, because Megaparts did not assert such an argument in its objection letter brief. Yet, even if Megaparts were to argue the existence of specific jurisdiction, this Court would reject the claim because no facts regarding the transaction at issue occurred in or were related to New Jersey. *See O'Conner v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

### B. Standing

In its objection letter, Megaparts states that it created, and then assigned the claims to Megaparts, LLC, because Megaparts was not registered in New Jersey and was not authorized to conduct business in the state. (Obj. Letter 2.) It further argues that the reason for filing the cross-motion to amend the complaint was to add Megaparts, LLC as a party and "just as importantly, Megaparts, LLC was added with the purpose of taking the place of Megaparts." (*Id.*) According to Megaparts, it thought that filing the cross-motion "would be the easiest way

7

to have Megaparts, LLC take over the case for Megaparts. While Megaparts could have theoretically dismissed its Complaint without prejudice and then re-filed with Megaparts, LLC as the plaintiff, this would have taken additional time and money." (*Id.*)

The Court agrees with Magistrate Judge Shipp's finding that Megaparts did not have standing to file its opposition to the motion and cross-motion to amend. Megaparts already had issued an assignment of claim to Megaparts LLC <u>before</u> Highcom filed its motion to dismiss and <u>before</u> Megaparts later filed its cross-motion to amend the complaint. *See Amboy Nat'l Bank v. Generali – U.S. Branch*, 930 F. Supp. 1053, 1059 (D.N.J. 1996) (stating that "the act of assignment itself extinguishes all of the assignor's rights in everything that is being assigned"). While Megaparts may explain its actions in the objection letter as a "quicker and more economical[]" means of achieving standing, the Court rejects the attempt to remedy its lack of standing as, at best, belated.

### C. Alternative Request to Transfer

Megaparts does not object to Magistrate Judge Shipp's alternative finding that the case should be transferred to the Northern District of California. As a practical matter the issue of transfer is moot now that the Court has concluded that it lacks personal jurisdiction over Highcom and that Megaparts does not have standing. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007) (once the court "determine[s] that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground").

**IT IS** on this 25th day of June, 2010 hereby

**ORDERED** that Megaparts's objection [D.E. 24] to Magistrate Judge Shipp's R&R is overruled; and it is further

**ORDERED** that the Report and Recommendation of Magistrate Judge Shipp [D.E. 23] is adopted and incorporated as the opinion of this Court; and it is further

**ORDERED** that defendant's motion to dismiss [D.E. 8] is granted; and it is further

**ORDERED** that plaintiff's cross-motion to amend the complaint [D.E. 20] is denied.

/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.